OPINION *Page 2 
{¶ 1} Defendant-appellant Tonya Root appeals from her conviction in the Mahoning County Common Pleas Court on trafficking drugs, a violation of R.C. 2925.03(A)(1)(C)(1()a), a fourth degree felony; illegal manufacture of drugs, a violation of R.C. 2925.04(A)(C)(2)(E), a first degree felony, and assembly or possession of chemicals used to manufacture controlled substance with intent to manufacture controlled substance, a violation of R.C. 2925.041(A)(C), a second degree felony. Appointed appellate counsel filed a no-merit brief in accordance withState v. Toney (1970), 23 Ohio App.2d 203 and requested to withdraw. Thus, the issue presented in this case is whether the appeal is frivolous. A review of the case file reveals that there are no appealable issues. Therefore, the judgment of the trial court is hereby affirmed and counsel is permitted to withdraw.
 STATEMENT OF CASE {¶ 2} On August 17, 2006, a secret indictment was issued against Root. The indictment contained ten counts: two counts of trafficking drugs, a violation of R.C. 2925.03(A)(1)(C)(1)(a), fourth degree felonies; one count of trafficking drugs, a violation of R.C. 2925.03(A)(1)(C)(1)(b), a third degree felony; two counts of trafficking drugs, a violation of R.C. 2925.03(A)(1)(C)(1)(c), second degree felonies; one count of trafficking drugs, a violation of R.C. 2925.03(A)(1)(C)(1)(c), a third degree felony; one count of trafficking drugs, a violation of R.C.2925.03(A)(1)(C)(1)(d), a first degree felony; one count of illegal manufacture of drugs, a violation of R.C. 2925.04(A)(C) (2)(E), a first degree felony; one count of assembly or possession of chemicals used to manufacture controlled substance with intent to manufacture controlled substance, a violation of R.C. 2925.041(A)(C), a second degree felony; and one count of child endangering, a violation of R.C. 2919.22(B)(6), a third degree felony. The indictment also contained a forfeiture specification.
 {¶ 3} Root originally entered a not guilty plea. However, after entering into a Crim.R. 11 plea agreement, Root pled guilty to count one of the indictment, trafficking drugs, a violation of R.C.2925.03(A)(1)(C)(1)(a), a fourth degree felony; count eight of the indictment, illegal manufacture of drugs, a violation of R.C.2925.04(A)(C)(2)(E), a *Page 3 
first degree felony; and count nine of the indictment, assembly or possession of chemicals used to manufacture drugs, a violation of R.C.2925.041 (A)(C), a second degree felony. All remaining counts of the indictment were dismissed. A plea hearing was held on November 20, 2006. The trial court accepted the guilty pleas, dismissed the remaining charges and found Root guilty. Root requested the court to immediately proceed to sentencing. Root and the state jointly recommended a total sentence of five years and six months. The trial court sentenced in accordance with the jointly recommended sentence. Root received six months for trafficking drugs, five years for illegal manufacture of drugs and five years for assembly or possession of chemicals used to manufacture drugs. The five year sentences for illegal manufacture of drugs and assembly or possession of chemicals used to manufacture drugs were ordered to be served concurrently with each other. The six month sentence for trafficking drugs was ordered to be served consecutively to the five year sentence.
 {¶ 4} After the time to appeal had expired, Root requested to file an appeal. We allowed the delayed appeal and appellate counsel was appointed. On July 11, 2007, appellate counsel filed a no merit brief, i.e. a Toney brief.
 ANALYSIS {¶ 5} In Toney, this court set forth the procedure to be used when counsel of record determines that an indigent's appeal is frivolous:
 {¶ 6} "3. Where court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.
 {¶ 7} "4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.
 {¶ 8} "5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.
 {¶ 9} "* * * *Page 4 
 {¶ 10} "7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed." Toney, 23 Ohio App.2d 203, syllabus.
 {¶ 11} The Toney brief was filed by counsel on July 11, 2007. On July 27, 2007, we informed Root of counsel's Toney brief and granted her 30 days to file a written brief. Root did not file a pro se brief. Thus, we will proceed to independently examine the record to determine if the appeal is frivolous.
 {¶ 12} A defendant who pleads guilty may only attack the voluntary, knowing, and intelligent nature of the defendant's plea and "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." State v. Spates, 64 Ohio St.3d 269, 272, 1992-Ohio-130.
 {¶ 13} Crim.R. 11(C) sets forth the requirements for the entering of a guilty plea. Subsection (2)(c) sets forth various constitutional rights that the trial court must discuss with the defendant prior to accepting a plea. These rights are: 1) the right to a jury trial; 2) the right to confront witnesses against her; 3) the right to have the compulsory process of obtaining witnesses in her favor; 4) the right to have the state prove the defendant's guilt beyond a reasonable doubt at trial, and 5) that the defendant cannot be compelled to testify against herself. Crim.R. 11(C)(2)(c). It must be explained to the defendant that by entering a plea she is waiving these rights. The trial court must strictly comply with these requirements. State v. Ballard (1981), 66 Ohio St.2d 473, 477. See, generally, Boykin v. Alabama (1969),395 U.S. 238. See, also, State v. Singh (2000), 141 Ohio App.3d 137.
 {¶ 14} Crim.R. 11(C) also sets forth nonconstitutional rights that a defendant must be informed of prior to the court accepting the plea. These rights are that: 1) a defendant must be informed of the nature of the charges; 2) the defendant must be informed of the maximum penalty involved; 3) the defendant must be informed, if applicable, that she is not eligible for probation, and 4) the defendant must be informed that after entering a guilty plea or a no contest plea, the court may proceed to judgment and sentence. Crim.R. 11(C)(2)(a)(b); State v. Philpott
(Dec. 14, 2000), 8th *Page 5 
Dist. No. 74392, citing McCarthy v. U.S. (1969), 394 U.S. 459, 466. For these nonconstitutional rights, scrupulous adherence to Crim.R. 11(C) is not required; instead, the trial court must substantially comply with its mandates. State v. Nero (1990), 56 Ohio St.3d 106, 108. Substantial compliance means that under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving. Id. at 108.
 {¶ 15} In this matter, we conclude that the trial court fully complied with both the constitutional and nonconstitutional provisions of Crim.R. 11. Root was informed that by entering a guilty plea she was waiving the right to a jury trial, the right to confront witnesses against her, the right to subpoena witnesses to testify on her behalf, and the right to require the state to prove her guilt beyond a reasonable doubt on each offense. (Tr. 11). Root was also advised that if she chose to go to trial she could not be compelled to testify and if she chose not to testify, her choice could not be commented on. (Tr. 11). Root was additionally informed of the charges against her to which she was pleading guilty and indicated that she understood the charges. (Tr. 5-6, 9-10). The trial court informed her of the maximum penalties and the mandatory minimum penalty of five years on the illegal manufacture of drugs charge that she was subject to due to her prior conviction. (Tr. 15-16). She was then informed that she was not eligible for probation. (Tr. 16). The court also informed her that upon acceptance of the plea, it could immediately proceed with judgment and sentence. (Tr. 13). The trial court then accepted the plea on the basis that it determined that the plea was entered into knowingly, intelligently, and voluntarily. (Tr. 24-25).
 {¶ 16} Based upon the above, we cannot find that there was any error in the acceptance of the plea. As there was no error in the acceptance of the plea, the only other possible error that could exist in this appeal would be with the sentencing.
 {¶ 17} As previously indicated, the state and Root jointly recommended a sentence and the trial court sentenced Root to the jointly recommended sentence. (Tr. 6, 27-28). R.C. 2953.08(D) provides: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." *Page 6 
 {¶ 18} Thus, the only question before us is whether the sentence was "authorized by law." A jointly recommended sentence is "authorized by law" if the sentence does not exceed the maximum sentence that the statute permits a trial court to impose. State v. Schoolcraft, 4th Dist. No. 01 CA673, 2002-Ohio-3583; State v. Ruggles (Sept. 11, 2000), 12th Dist. No. CA99-09-027; State v. Engleman (Aug. 18, 2000), 1st Dist. No. C-990845, unreported; State v. Gray (June 30, 2000), 2d Dist. No. 99-CA-103; State v. Kimbrough (March 2, 2000), 8th Dist. Nos. 75642, 75643, 75644; State v. Amstutz (Nov. 8, 1999), 5th Dist. No. 1999CA00104;State v. Byerly (Nov. 4, 1999), 3d Dist. Nos. 5-99-26, 5-99-27.
 {¶ 19} On the trafficking drugs offense, a violation of R.C.2925.03(A)(1) (C)(1)(a), a fourth degree felony, Root received a six month sentence. The allowable sentence for this offense is six to eighteen months. R.C. 2929.14(A)(4). As the sentence was not above the maximum allowable by law, this sentence was authorized by law.
 {¶ 20} On the illegal manufacture of drugs, a violation of R.C.2925.04(A)(C) (2)(e), a first degree felony, Root received five years. The prison term for first degree felony is three to ten years. R.C.2929.14(A)(1). As this sentence was not above the maximum allowable by law, it was authorized by law.
 {¶ 21} On the assembly or possession of chemicals used to manufacture drugs, a violation of R.C. 2925.041(A)(C), a second degree felony, Root received a five year sentence. The sentencing range for a second degree felony is two to eight years. As this sentence was not above the maximum allowable by law, it was authorized by law. Consequently, there is no assignable error for the jointly recommended sentence.
 {¶ 22} For the foregoing reasons, the judgment of the trial court is hereby affirmed and counsel's motion to withdraw is granted.
 DeGenaro, P.J., concurs. Waite, J., concurs. *Page 1