OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, and defense counsel's no-merit brief and motion to withdraw. Appellant, Lapriece Whitted, appeals the decision of the Mahoning County Court of Common Pleas convicting him of one count of having weapons while under disability pursuant to R.C. 2923.13(A)(3)(B); and one count of improperly handling a firearm in a motor vehicle pursuant to R.C. 2923.16(B), (I)(2); and sentencing him accordingly. Whitted's appointed appellate counsel has filed a no-merit brief on appeal and seeks to withdraw as counsel. Whitted did not file a pro-se brief.
 {¶ 2} Whitted was indicted in Mahoning County on March 20, 2008. The indictment included two counts: having weapons while under disability pursuant to R.C. 2923.13(A)(3)(B), a third-degree felony, and improperly handling a firearm in a motor vehicle pursuant to R.C. 2923.16(B), (I)(2), a fourth-degree felony. Whitted initially pleaded not guilty to the charges. However, on June 16, 2008, Whitted entered into a Crim. R. 11 plea agreement. Whitted agreed to plead guilty to all charges contained in the indictment. The State agreed to recommend Whitted receive a total sentence of three years imprisonment, and to stand silent on the issue of judicial release. The trial court held a plea hearing on June 25, 2008. Following the hearing, the trial court accepted Whitted's guilty plea, and ordered the Community Corrections Association to prepare a presentence investigation (PSI).
 {¶ 3} On July 30, 2008, a sentencing hearing was held. The trial court decided to deviate from the State's recommended sentence, and instead sentenced Whitted to maximum, consecutive sentences for both charges, i.e., five years for the R.C. 2923.13(A)(3)(B) violation, and eighteen months for the R.C. 2923.16(B) violation, for a total of six and a half years imprisonment. The trial court also recommended that Whitted be subject to a period of post-release control for up to three years, as determined by the Parole Board pursuant to R.C. 2967.28. On August 5, 2008, the court issued its judgment entry of sentencing.
 {¶ 4} Whitted filed a notice of appeal on August 15, 2008. On October 28, 2008, Whitted's appointed appellate counsel filed a no-merit brief and requested to withdraw, in accordance with Anders v. California
(1967) 386 U.S. 738, 87 S.Ct. 1396, *Page 2 18 L.Ed.2d 493; and State v. Toney, 23 Ohio App.2d 203, 52 O.O.2d 304,262 N.E.2d 419.
 {¶ 5} An attorney appointed to represent an indigent criminal defendant on his first appeal as of right may seek permission to withdraw if the attorney can show that there is no merit to the appeal. See, generally, Anders, 386 U.S. 738. To support such a request, appellate counsel is required to undertake a conscientious examination of the case and accompany his or her request for withdrawal with a brief referring to anything in the record that might arguably support an appeal. Toney at 207. The reviewing court must then decide, after a full examination of the proceedings, whether the case is wholly frivolous. Id.
 {¶ 6} In Toney, this Court established guidelines to be followed when counsel of record determines that an indigent's appeal is frivolous:
 {¶ 7} "3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.
 {¶ 8} "4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.
 {¶ 9} "5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.
 {¶ 10} "6. Where the Court of Appeals makes such an examination and concludes that the appeal is wholly frivolous, the motion of an indigent appellant for the appointment of new counsel for the purposes of appeal should be denied.
 {¶ 11} "7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed." Id. at syllabus.
 {¶ 12} Counsel in this case has concluded after reviewing the record that there are no issues present to support an appeal. In his no-merit brief, counsel did point to several *Page 3 
issues that this court may want to review on appeal: (1) whether the plea was knowing, voluntary and intelligent; (2) whether the trial court abused its discretion by sentencing Whitted to maximum, consecutive sentences; and, (3) whether trial counsel was ineffective. Counsel indicated he had researched those potential issues, and ultimately concluded the trial court did not err and that any arguments would be wholly frivolous.
 {¶ 13} We must now review the proceedings and determine whether we agree that an appeal would be wholly frivolous.
 Guilty Plea {¶ 14} In a criminal case, a plea must be made "knowingly, intelligently, and voluntarily." State v. Engle, 74 Ohio St.3d 525, 527,1996-Ohio-179, 660 N.E.2d 450. Failure on any of these points "renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." Id. A determination of whether a plea is knowing, intelligent, and voluntary is based upon a review of the record. State v. Spates, 64 Ohio St.3d 269, 272, 1992-Ohio-130,595 N.E.2d 351.
 {¶ 15} To help ensure that guilty pleas are knowingly, intelligently, and voluntarily made, Crim. R. 11 sets forth specific procedural requirements the trial judge must follow when accepting a guilty plea from a defendant. They are as follows:
 {¶ 16} "(C) Pleas of guilty and no contest in felony cases.
 {¶ 17} "(1) Where in a felony case the defendant is unrepresented by counsel the court shall not accept a plea of guilty or no contest unless the defendant, after being readvised that he or she has the right to be represented by retained counsel, or pursuant to Crim. R. 44 by appointed counsel, waives this right.
 {¶ 18} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 19} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 20} "(b) Informing the defendant of and determining that the defendant *Page 4 
understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 21} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 22} The Ohio Supreme Court has held that four of the rights listed in subsection (C)(2)(c) are constitutional rights about which the trial court must inform the defendant prior to accepting the guilty plea:
 {¶ 23} "Prior to accepting a guilty plea from a criminal defendant, the trial court must inform the defendant that he is waiving his privilege against compulsory self-incrimination, his right to jury trial, his right to confront his accusers, and his right of compulsory process of witnesses." State v. Ballard (1981), 66 Ohio St.2d 473, 20 O.O.3d 397, 423 N.E.2d 115, at paragraph one of the syllabus (followingBoykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274).
 {¶ 24} Further, some appellate districts, including this one, have concluded that a trial court also has a constitutional duty to inform the defendant of his right to require the state to prove all elements of the offenses beyond a reasonable doubt. See State v. Rowbotham,173 Ohio App.3d 642, 2007-Ohio-6227, 879 N.E.2d 856, at ¶ 9 (citing cases).
 {¶ 25} With respect to constitutional Crim. R. 11 rights, strict compliance with the rule is required. Ballard at 477; Rowbotham
at ¶ 19. "Strict compliance" does not require a rote recitation of the exact language of the rule. Rather, a reviewing court should focus on whether the "record shows that the judge explained these rights in a manner reasonably intelligible to the defendant." Ballard
at paragraph two of the syllabus.
 {¶ 26} Crim. R. 11(C)(2)(a)-(b) sets forth various nonconstitutional rights that the trial court must also discuss with the defendant prior to accepting his plea. See State v. Root, 7th Dist. No. 07MA32,2007-Ohio-7202, at ¶ 14. However, with respect to these *Page 5 
nonconstitutional rights, only "substantial compliance" with Crim. R. 11(C) is required. State v. Nero (1990), 56 Ohio St.3d 106, 108,564 N.E.2d 474. "Substantial compliance means that under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving." Id.
 {¶ 27} In the case at hand, the transcript of the plea hearing indicates that the trial court fully complied with all portions of Crim.R 11(C). Whitted was represented by counsel, both prior to and during the hearing. The trial court explained to Whitted that by pleading guilty he would relinquish his constitutional rights to a jury trial; to have the state prove his guilt beyond a reasonable doubt; to confront adverse witnesses; and to compel the attendance of witnesses he might wish to present in his favor. The trial court also explained that Whitted could not be compelled to testify against himself at trial. The trial court repeatedly specified that by pleading guilty Whitted would waive these constitutional rights. Whitted indicated his complete understanding.
 {¶ 28} The trial court also fully explained to Whitted his nonconstitutional rights. The court informed Whitted of the nature of the charges against him; the maximum penalties involved; and that fact that Whitted was eligible for probation. Further, the trial court informed Whitted that upon acceptance of his plea the court could proceed immediately to judgment and sentencing. Whitted indicated that he understood the rights he would waive by pleading guilty, and that he wished to go forward with the plea.
 {¶ 29} Because the trial court fully complied with Crim. R. 11(C), Whitted's guilty plea was knowingly, intelligently, and voluntarily made. As such, there are no appealable issues with regard to his plea.
 Sentencing {¶ 30} In exchange for Whitted's guilty plea, the State agreed to recommend that Whitted be sentenced to three years in prison. However, following a sentencing hearing, the trial court chose to deviate from that recommended sentence, instead sentencing Whitted to maximum, consecutive sentences for an aggregate prison term of six and a half years.
 {¶ 31} Deviation from the jointly recommended sentence does not necessarily constitute error. "A trial court does not err by imposing a sentence greater than `that *Page 6 
forming the inducement for the defendant to plead guilty when the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor." State v. Buchanan, 154 Ohio App.3d 250, 2002-Ohio-4772,796 N.E.2d 1003, at ¶ 13, citing State v. Darmour (1987),38 Ohio App.3d 160, 529 N.E.2d 208. See also, State v. Martinez, 7th Dist. No. 03MA196,2004-Ohio-6806 at ¶ 7-9.
 {¶ 32} In this case, the trial court fully forewarned Whitted about the penalties for his crimes, including the possibility that the court may deviate from the sentence recommended by the State. The following exchange took place during the plea hearing:
 {¶ 33} "THE COURT: When you enter a plea you put yourself basically at the mercy of the Court. I'm the one who decides sentencing no matter what they agree to. You understand that?
 {¶ 34} "THE DEFENDANT: Yes, sir.
 {¶ 35} "THE COURT: The maximum sentence is five years on the weapon under disability and a $10,000 fine and 18 months on improperly handling and a $5,000 fine. Do you understand that those are the maximum sentences? Do you understand?
 {¶ 36} "THE DEFENDANT: Yes, sir.
 {¶ 37} "THE COURT: They can be run consecutive which would be six and a half years and $15,000. You understand that?
 {¶ 38} "THE DEFENDANT: Yes, Your Honor."
 {¶ 39} Later, the trial court reiterated this point, stating:
 {¶ 40} "THE COURT: All right. Now, they're recommending three years in prison and you are also eligible for community control. As I said, the sentence is up to me. * * * You understand that?
 {¶ 41} "THE DEFENDANT: Yes, Your Honor."
 {¶ 42} Thus, based on the above, no error was committed when the trial court deviated from the State's recommended sentence.
 {¶ 43} Further, the trial court's sentencing decision was neither clearly and convincingly contrary to law, nor an abuse of discretion. Based upon the Ohio Supreme Court's recent plurality decision inState v. Kalish, 120 Ohio St.3d 23, 2008-Ohio-4912, *Page 7 896 N.E.2d 124 (O'Connor, J., plurality opinion), appellate courts now review felony sentences under a two prong test. This court adopted theKalish plurality analysis in State v. Johnson, 7th Dist. No. 09MA72,2008-Ohio-6206.
 {¶ 44} Under the first prong, appellate courts must "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." Kalish at ¶ 26 (O'Connor, J., plurality opinion.) To satisfy this prong, the trial court must consider the statutory sentencing factors in R.C. 2929.11 and R.C. 2929.12, and impose a sentence that is within the statutory range for the relevant offenses. Id. at ¶ 13-15.
 {¶ 45} If the sentence is not clearly and convincingly contrary to law, an appellate court must move to the second prong, and determine whether the trial court abused its discretion in its application of the sentencing factors and resulting sentencing determination. Id. at ¶ 17, 19-20.
 {¶ 46} In the case at hand, the statutory range for the first count, having weapons while under disability pursuant to R.C. 2923.13(A)(3)(B), a third-degree felony, was anywhere from one to five years. R.C. 2929.14(A)(3). For the second count, improperly handling a firearm in a motor vehicle pursuant to R.C. 2923.16(B), (I)(2), a fourth-degree felony, the statutory sentencing range was anywhere from six to eighteen months. R.C. 2929.14(A)(4).
 {¶ 47} Thus, pursuant to the above statutes, the trial court could sentence Whitted to a prison term as long as six and a half years, if the two sentences were to be served consecutively. The court's decision to sentence Whitted to six and a half years was therefore within the statutory sentencing range. The trial court also stated that it had considered the R.C. 2929.11 and 2929.12 factors. Further, the court properly applied and notified Whitted about post-release control pursuant to R.C. 2967.28(C). Thus, the sentence was not clearly and convincingly contrary to law.
 {¶ 48} Turning to the second Kalish prong, the trial court did not abuse its sentencing discretion. As the Fifth District noted inState v. Vance, 5th Dist. No. 2007-COA-035, 2008-Ohio-4763: a trial court may abuse its sentencing discretion a variety of ways, including: "selecting the sentence arbitrarily, basing the sentence on impermissible *Page 8 
factors, failing to consider pertinent factors, or giving an unreasonable amount of weight to any pertinent factor." Id. at ¶ 128.
 {¶ 49} In this case, the trial court analyzed all the relevant considerations pursuant to R.C. 2929.11 and 2929.12. A PSI was conducted prior to sentencing. As noted during the sentencing hearing, the PSI revealed Whitted was arrested for several, new, unrelated crimes while out on bond. It was proper for the trial court to consider these arrests when sentencing Whitted. As this court explained in State v. Mayor, 7th Dist. No. 07MA177, 2008-Ohio-7011: "It is well-established that sentencing courts can consider arrests and even prior allegations that did not result in conviction. State v. Hutton (1990), 53 Ohio St.3d 36,43 (prior arrests constitute the prior criminal record and the social history); State v. Cooey (1989), 46 Ohio St.3d 20, 35 (prior allegations of wrongdoing are part of the social history); State v. Burton (1977),52 Ohio St.2d 21, 23 (relating to prior arrests)." Id. at ¶ 16.
 {¶ 50} The trial court in this case also noted that Whitted committed the instant offenses while on probation and that Whitted had a history of criminal convictions and delinquency adjudications, therefore demonstrating that Whitted had not responded favorably to previous sanctions. Based on that information, the trial court found recidivism was likely. The trial court also found that while the seriousness factors were not implicated, Whitted failed to show remorse based upon his continued pattern of criminal conduct while out on bond. As a result, the court sentenced Whitted to maximum, consecutive sentences for the two charges, resulting in an aggregate prison term of six and a half years. Based on the foregoing, the sentence chosen was reasonable and not an abuse of discretion.
 {¶ 51} In addition, Whitted was afforded his Crim. R. 32 allocution rights during the sentencing hearing. "Pursuant to Crim. R. 32(A)(1), before imposing sentence, a trial court must address the defendant personally and ask whether he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." State v. Campbell (2000), 90 Ohio St.3d 320, 323,2000-Ohio-183, 738 N.E.2d 1178. In Campbell, the Court held that "in a case in which the trial court has imposed sentence without first asking the defendant whether he or she wishes to exercise *Page 9 
the right of allocution created by Crim. R. 32(A), resentencing is required unless the error is invited error or harmless error." Id. at 326. In this case, the trial court complied with Crim. R. 32(A)(1) during sentencing, asking Whitted if he wished to speak before the sentence was imposed, and Whitted declined.
 {¶ 52} Accordingly, there are no appealable issues with respect to Whitted's sentencing.
 Ineffective Assistance of Counsel {¶ 53} A defendant who enters a guilty plea "waives the right to claim that [he] was prejudiced by constitutionally ineffective assistance of counsel, except to the extent the defects complained of caused the plea to be less than knowing and voluntary." State v. Barnett, (1991),73 Ohio App.3d 244, 249, 596 N.E.2d 1101; State v. Scranton Buchanan, 7th Dist. No. 05MA60, 2006-Ohio-5653, at ¶ 17.
 {¶ 54} Upon review of the record, there is nothing to indicate Whitted's trial counsel acted in such a manner to cause Whitted's plea to be less than knowing and voluntary. To the contrary, as discussed above, Whitted's plea was knowing, voluntary and intelligent. As such, any claim of ineffective assistance of trial counsel is waived on appeal.
 {¶ 55} After a thorough review, we find there are no meritorious issues for appeal. Whitted's appeal is wholly frivolous. Counsel's motion to withdraw is therefore sustained and the judgment of the trial court is affirmed.
Vukovich, P.J., concurs.
Waite, J., concurs. *Page 1