[Cite as *State v. Greathouse*, 2016-Ohio-7917.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

STATE OF OHIO,                                  )
                                                )
    PLAINTIFF-APPELLEE,                     )
                                                )        CASE NO. 15 JE 0026
V.                                              )
                                                )            OPINION
JACOB I. GREATHOUSE,                            )
                                                )
    DEFENDANT-APPELLANT.                    )

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Criminal Appeal from Court of Common Pleas of Jefferson County, Ohio Case No. 15 CR 73 |
| JUDGMENT: | Affirmed |
| APPEARANCES: | |
| For Plaintiff-Appellee | Jane M. Hanlin Prosecutor Jeffrey J. Bruzzese Assistant Prosecutor 16001 S.R. 7 Steubenville, Ohio 43952 |
| For Defendant-Appellant | Attorney Bernard C. Battistel 2021 Sunset Boulevard Steubenville, Ohio 43952 |

JUDGES:

Hon. Gene Donofrio
Hon. Mary DeGenaro
Hon. Carol Ann Robb

Dated: November 17, 2016

DONOFRIO, P.J.

{¶1} Defendant-appellant, Jacob Greathouse, appeals from a Jefferson County Common Pleas Court judgment sentencing him to eight years on his rape conviction following his guilty plea.

{¶2} On June 10, 2015, a Jefferson County Grand Jury indicted appellant on one count of rape of a person less than 13 years of age, a first-degree felony in violation of R.C. 2907.02(A)(1)(b), and one count of gross sexual imposition of a person less than 13 years of age, a third-degree felony in violation of R.C. 2907.05(A)(4) and (C)(2). Because the victim was under 13 years old, the rape charge carried with it the possibility of life in prison. Appellant initially pleaded not guilty.

{¶3} On December 2, 2015, pursuant to a plea agreement with plaintiff-appellee, the State of Ohio, appellant entered a guilty plea to rape and gross sexual imposition. In exchange for his plea, the state amended the rape charge from a violation of R.C. 2907.02(A)(1)(b) to a violation of R.C. 2907.02(B). This eliminated the possibility of a life sentence. Additionally, appellant and the state agreed to jointly recommend a sentence of eight years on the rape charge.

{¶4} The trial court accepted the plea and, at the parties' request, proceeded to sentencing. The court followed the recommended sentence. It merged the gross sexual imposition count with the rape count. It then sentenced appellant to eight years in prison. Additionally, the court designated appellant as a Tier III sex offender.

{¶5} Appellant filed a timely notice of appeal on December 4, 2015. He now raises two assignments of error.

{¶6} Appellant's first assignment of error states:

> THE IMPOSITION OF THE EIGHT YEAR TERM OF INCARCERATION IS CONTRARY TO O.R.C. §2929.11 AND §2929.12.

{¶7} Appellant claims that the trial court was required, under R.C. 2929.11, to sentence him to the minimum sanctions required to protect the public and to punish him. He asserts eight years was too harsh. Appellant further argues the court failed to consider the factors set out in R.C. 2929.12(B) and (C), which are the factors indicating the offender's

conduct is more serious or less serious in nature. He argues because he was a 19-year-old with little to no criminal history, the eight-year sentence was too great. Appellant askes that we reverse his sentence and remand the matter for resentencing.

**{¶8}** A defendant may not appeal his or her sentence when "(1) both the defendant and the state agree to the sentence, (2) the trial court imposes the agreed sentence, and (3) the sentence is authorized by law." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 16; R.C. 2953.08(D)(1). A jointly recommended sentence is "authorized by law" if the sentence does not exceed the maximum sentence permitted by the applicable sentencing statute. *State v. Root*, 7th Dist. No. 07 MA 32, 2007-Ohio-7202, ¶ 18.

**{¶9}** In this case, appellant and the state agreed to the eight-year sentence. (Tr. 4, 8). The trial court imposed the agreed upon sentence. (Tr. 29). Thus, as long as the eight-year sentence was authorized by law, it is not subject to review by this court.

**{¶10}** Rape is a first-degree felony. The possible sentences for a first-degree felony are three, four, five, six, seven, eight, nine, ten, or eleven years. R.C. 2929.14(A)(1). Therefore, appellant's sentence is within the statutory range and is authorized by law.

**{¶11}** Because appellant's sentence was agreed to by the parties, was imposed by the court, and was authorized by law, appellant cannot now take issue with his sentence.

**{¶12}** Accordingly, appellant's first assignment of error is without merit and is overruled.

**{¶13}** Appellant's second assignment of error states:

DEFENSE COUNSEL NOT PROPERLY COMMUNICATING WITH HIS CLIENT, RECOMMENDING AND/OR SUGGESTING A PLEA OF GUILTY AND AGREEING WITH THE STATE'S RECOMMENDATION OF SENTENCE RESULTED IN PREJUDICIAL ERROR AND INEFFECTIVE ASSISTANCE OF COUNSEL.

**{¶14}** Appellant argues his counsel did not give him sound advice. He claims it is unclear from the record whether he understood the consequences of pleading guilty.

**{¶15}** To prove an allegation of ineffective assistance of counsel, the appellant must

satisfy a two-prong test. First, appellant must establish that counsel's performance has fallen below an objective standard of reasonable representation. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph two of the syllabus. Second, appellant must demonstrate that he was prejudiced by counsel's performance. *Id.* To show that he has been prejudiced by counsel's deficient performance, appellant must prove that, but for counsel's errors, the result of the trial would have been different. *Bradley*, at paragraph three of the syllabus.

{¶16} Appellant bears the burden of proof on the issue of counsel's effectiveness. *State v. Calhoun*, 86 Ohio St.3d 279, 289, 714 N.E.2d 905 (1999). In Ohio, a licensed attorney is presumed competent. *Id.*

{¶17} Appellant appeared for a plea hearing on November 13, 2015, after the parties advised the court they had reached an agreement. But after the court spoke with appellant, the court continued the matter until November 19, 2015.

{¶18} At the start of the November 19 hearing, the court noted for the record:

> We were previously here last week upon notification of the parties that they had reached a negotiated plea agreement with a recommendation of sentence. There was some issue regarding communication.
>
> So, we continued this a week, Mr. Greathouse, to give you an opportunity to further meet with your attorney and address any unanswered questions that you may have.

(Tr. 3). The court then asked appellant if he had the opportunity to meet with his attorney and to address any questions he had. (Tr. 3). Appellant stated that he had. (Tr. 4).

{¶19} Later in the hearing, the court asked appellant if he reviewed the plea form with his attorney and appellant indicated that he did. (Tr. 11). Appellant also indicated that his attorney answered all of his questions concerning the plea form. (Tr. 11). Appellant further indicated that he had met with his attorney at length since the November 13 hearing. (Tr. 11-12). The following colloquy then took place:

THE COURT: So, as you stand here today has your attorney done everything that you think should be done?

THE DEFENDANT: Yes, ma'am.

THE COURT: Okay. Has he fully explained everything to you, the risks and benefits of  - - of going to trial or the risks and benefits of entering your plea, the potential defenses of the case, the evidence as it applies to the law, has he discussed all of these things with you?

THE DEFENDANT: Yes, ma'am.

THE COURT: Okay. All right. Is it fair to say then that you are satisfied with the advice and counsel of your attorney?

THE DEFENDANT: Yes, ma'am.

(Tr. 12).

**{¶20}** After this conversation, the court went through a detailed question and answer session with appellant regarding the amended indictment, the effect of his guilty plea, the possible penalties he faced, postrelease control, and the constitutional rights he was waiving by pleading guilty. (Tr. 12-20). Appellant indicated that he understood all of these things. (Tr. 12-20).

**{¶21}** These statements by appellant indicate that he was satisfied with his counsel and well informed about his plea. There is nothing to the contrary in the record.

**{¶22}** Moreover, as originally indicated, appellant faced a possible life sentence on the rape count. Appellant's counsel negotiated an agreement whereby the state amended the charge to remove the possibility of a life sentence. That left appellant facing only a maximum prison term of 11 years instead of a life sentence. And as part of the plea agreement, the parties agreed to recommend an eight-year sentence. Thus, appellant's counsel was able to negotiate an agreement for appellant that included a recommended sentence of three years less than the maximum sentence of 11 years. Considering that appellant was facing the possibility of life in prison, an eight-year sentence was a good agreement for appellant. There is no indication that appellant's counsel was ineffective in negotiating this plea agreement or that appellant suffered prejudice as a result of the agreement.

{¶23} Accordingly, appellant's second assignment of error is without merit and is overruled.

{¶24} For the reasons stated above, the trial court's judgment is hereby affirmed.

DeGenaro, J., concurs.

Robb, J., concurs.