# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MONROE COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

MATTHEW M. HUNTSMAN,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 24 MO 0014**

---

Criminal Appeal from the
Court of Common Pleas of Monroe County, Ohio
Case No. 2023-327

**BEFORE:**
Mark A. Hanni, Carol Ann Robb, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. James L. Peters*, Monroe County Prosecutor, for Plaintiff-Appellee and

*Atty. Nathan D. Boone*, Boone Law, LLC, for Defendant-Appellant.

Dated: February 20, 2025

**HANNI, J.**

{¶1} Defendant-Appellant, Matthew M. Huntsman, appeals from a Monroe County Common Pleas Court judgment convicting him of two counts of having weapons while under a disability and aggravated drug possession, following his guilty plea. Appellant now argues his trial counsel was ineffective for failing to file a motion to suppress and failing to advocate for him at sentencing. Because Appellant's counsel was not ineffective, the trial court's judgment is affirmed.

{¶2} The facts of record in this case are scant due to Appellant's guilty plea. Appellant was arrested on November 15, 2023, after a report of a side-by-side vehicle driving illegally on the highway, which involved a brief police chase. Police made contact with Appellant at a residence. Subsequent searches led to the discovery of firearms and drugs.

{¶3} On December 4, 2023, a Monroe County Grand Jury indicted Appellant on the following charges: eight counts of having weapons while under a disability, third-degree felonies in violation of R.C. 2923.13(A)(3) (Counts 1 through 8); unlawful possession of a dangerous ordnance, a fifth-degree felony in violation of R.C. 2923.17(A) (Count 9); aggravated possession of drugs, a fifth-degree felony in violation of R.C. 2925.11 (Count 10); and failure to comply with order or signal of police officer, a first-degree misdemeanor in violation of R.C. 2921.331(B) (Count 11). Appellant initially entered a not guilty plea.

{¶4} On May 7, 2024, as a result of plea negotiations with Plaintiff-Appellee, the State of Ohio, Appellant withdrew his not guilty plea and entered a plea of guilty to two counts of having weapons while under a disability (Counts 1 and 2) and aggravated possession of drugs (Count 10). In exchange, the State agreed to dismiss the remaining eight counts. Additionally, the State agreed to recommend a sentence of 30 months each on Counts 1 and 2, to be served consecutively to each other, and a sentence of 12 months on Count 10, to be served concurrently with the sentences in Counts 1 and 2, for a total prison sentence of 60 months.

{¶5} The trial court accepted Appellant's change of plea, entered a finding of guilt, and proceeded to sentencing. The court sentenced Appellant to the jointly-

recommended sentence set out above for a total sentence of 60 months.

{¶6} This Court granted Appellant leave to file a delayed appeal on August 2, 2024. He now raises a single assignment of error for our review.

{¶7} Appellant's assignment of error states:

APPELLANT SUFFERED INEFFECTIVE ASSISTANCE OF COUNSEL DUE TO COUNSEL'S DEFICIENT PERFORMANCE WHICH RESULTED IN PREJUDICE TO APPELLANT.

{¶8} Appellant argues his trial counsel was ineffective.

{¶9} To prove an allegation of ineffective assistance of counsel, the appellant must satisfy a two-prong test. First, the appellant must establish that counsel's performance has fallen below an objective standard of reasonable representation. *Strickland v. Washington,* 466 U.S. 668, 687 (1984); *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. Second, the appellant must demonstrate that he was prejudiced by counsel's performance. *Id.* To show that he has been prejudiced by counsel's deficient performance, the appellant must prove that, but for counsel's errors, the result of the trial would have been different. *Bradley*, at paragraph three of the syllabus.

{¶10} Appellant bears the burden of proof on the issue of counsel's ineffectiveness. *State v. Calhoun*, 86 Ohio St.3d 279, 289 (1999). In Ohio, a licensed attorney is presumed competent. *Id.*

{¶11} Appellant breaks this assignment of error down into two issues.

{¶12} First, Appellant argues he received ineffective assistance of counsel when his counsel failed to file a motion to suppress. In support, Appellant points to the transcript of his arraignment. He notes the prosecutor referred to the searches leading up to his arrest. The first search was of his camper, which turned up methamphetamine and a firearm. Appellant points out that the prosecutor did not mention whether the officers had a warrant or his permission to search. The second search was the police search of an area of the road where Appellant had allegedly thrown a firearm from the window of his vehicle. Appellant now argues that nothing in the record indicates that his counsel considered filing a motion to suppress the evidence seized during the searches.

**{¶13}** This Court has discussed the effect of a guilty plea on an appeal:

> A guilty plea constitutes a complete admission of guilt. Crim.R. 11(B)(1). "By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime." *State v. Barnett* (1991), 73 Ohio App.3d 244, 248, 596 N.E.2d 1101 quoting *United States v. Broce* (1989), 488 U.S. 563, 570, 109 S.Ct. 757, 102 L.Ed.2d 927. Thus, the plea renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt. *Barnett* quoting *Menna v. New York* (1975), 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 . . . This includes the right to claim that the accused was prejudiced by constitutionally ineffective counsel, "except to the extent the defects complained of caused the plea to be less than knowing and voluntary." *Barnett* at 249, 596 N.E.2d 1101.

*State v. Snyder*, 2004-Ohio-3366, ¶ 13 (7th Dist.).

**{¶14}** In this case, Appellant has not alleged that ineffective assistance of counsel caused his guilty plea to be less than knowing and voluntary. Thus, based on our case law, Appellant's guilty plea has waived his ineffective assistance of counsel claim.

**{¶15}** Moreover, even if we were to consider Appellant's argument that his trial counsel was ineffective for failing to file a motion to suppress, we would reach the same result.

**{¶16}** Because this case involved a plea deal, not many facts are available to us. Appellant points us to the transcript of his arraignment. The entirety of facts that were alleged at the arraignment were presented by the prosecutor:

> [T]his case originated, I believe it was Deputy Ramsey with the Monroe County Sheriff's Department, came across a side-by-side or 4-wheeler operating on a roadway.
>
> There was a very short fleeing and eluding, which is why it was charged as a misdemeanor of the first degree.

Once the camper that Mr. Huntsman has referenced, it's my understanding there was a search of that, that resulted in the seizure of Methamphetamine and one firearm.

Subsequently, a co-defendant, Rachel Wiley, indicated that Mr. Huntsman had thrown out another firearm on the side of the road. She did take law enforcement to that location where they found the firearm, and a loaded syringe. I don't believe they know what's in the syringe.

After the arrest, they were contacted by Mr. Cox or Mr. Cox's family. Apparently there's a shed located near the camper on the residence that contained six more firearms, and the Cox family indicated they were not theirs, and believed that they were Mr. Huntsman's as well.

(Tr. 9-10).

**{¶17}** Appellant cannot point to any facts in the record in support of a motion to suppress. We have no idea if Appellant consented to the searches above, if the property owners consented to the searches, or if the police obtained a search warrant. It would be complete speculation as to whether there may have been grounds for a motion to suppress. Thus, Appellant cannot establish that counsel's performance has fallen below an objective standard of reasonable representation.

**{¶18}** Second, Appellant argues that he suffered ineffective assistance of counsel due to counsel's deficient performance at sentencing. He states his counsel merely recited boilerplate defense sentencing language. Appellant claims his counsel should have told the court that he showed remorse for his actions by pleading guilty and provided other mitigating information.

**{¶19}** A defendant may not appeal his or her sentence when "(1) both the defendant and the state agree to the sentence, (2) the trial court imposes the agreed sentence, and (3) the sentence is authorized by law." *State v. Underwood*, 2010-Ohio-1, ¶ 16; R.C. 2953.08(D)(1). A jointly recommended sentence is "authorized by law" if the sentence does not exceed the maximum sentence permitted by the applicable sentencing statute. *State v. Root*, 2007-Ohio-7202, ¶ 18 (7th Dist.).

Case No. 24 MO 0014

**{¶20}** Because Appellant cannot appeal his jointly-recommended sentence, it stands to reason that he cannot now argue that his counsel should have argued more vehemently in mitigation of his sentence.  In this case, the trial court imposed the jointly-recommended sentence.  Additionally, the sentence did not exceed the maximum sentence permitted by law.  Thus, defense counsel would not need to make any arguments in mitigation of sentence.  Defense counsel simply requested that the court impose the jointly-recommended sentence, which it did.  (Tr. 22).

**{¶21}**  Thus, Appellant's counsel was not ineffective here.

**{¶22}**  Accordingly, Appellant's sole assignment of error is without merit and is overruled.

**{¶23}**  For the reasons stated above, the trial court's judgment is hereby affirmed.

Robb, P.J., concurs.

Dickey, J., concurs.

[Cite as *State v. Huntsman*, 2025-Ohio-573.]

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Monroe County, Ohio, is affirmed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**